FILED by **TB** _____ D.C.

**Apr 21, 2016**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
## 16-20267-CR-WILLIAMS/SIMONTON
Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 371
18 U.S.C. § 2
18 U.S.C. § 981(a)(7)

UNITED STATES OF AMERICA

vs.

PEDRO TORRES,
ANTONIO HEVIA,
JORGE SANCHEZ,
ALAIN RAUL GARCIA,
ERICK RIOS,
ALINA MONTERO
    (a/k/a "ALINA PACHECO"),
NORMA JOSEFA CONTRERAS,
DORA ROBAINA,
YANIO RODRIGUEZ-MACAYA,
SUYIN VALDES,
MISLEIDYS BERMUDEZ,
RAFAEL DE JESUS FRANCO,
SONIA RODRIGUEZ ESPOSITO,
RAMON ERNESTO HERNANDEZ,
SUIVEN NUNEZ,
CARLOS M. HERNANDEZ,
MARIO SAUL LAY, and
ARIEL NUNEZ FINALET,

        **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Medicare Program

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 371
18 U.S.C. § 2
18 U.S.C. § 981(a)(7)

UNITED STATES OF AMERICA

vs.

PEDRO TORRES,
ANTONIO HEVIA,
JORGE SANCHEZ,
ALAIN RAUL GARCIA,
ERICK RIOS,
ALINA MONTERO
   (a/k/a "ALINA PACHECO"),
NORMA JOSEFA CONTRERAS,
DORA ROBAINA,
YANIO RODRIGUEZ-MACAYA,
SUYIN VALDES,
MISLEIDYS BERMUDEZ,
RAFAEL DE JESUS FRANCO,
SONIA RODRIGUEZ ESPOSITO,
RAMON ERNESTO HERNANDEZ,
SUIVEN NUNEZ,
CARLOS M. HERNANDEZ,
MARIO SAUL LAY, and
ARIEL NUNEZ FINALET,

     Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Medicare Program

1.      The Medicare Program ("Medicare") was a federally funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled.   The benefits available under Medicare were governed by federal statutes and regulations.   The United States Department of Health and Human Services ("CMS"), oversaw and administered Medicare.   Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2.      Medicare programs covering different types of benefits were separated into different program "parts."   Part D of Medicare subsidized the costs of prescription drugs for Medicare beneficiaries in the United States.   It was enacted a part of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 and went into effect on January 1, 2006.

3.      In order to receive Part D benefits, a beneficiary enrolled in a Medicare drug plan. Medicare drug plans were operated by private companies approved by Medicare.   Those companies were often referred to as drug plan "sponsors."   A beneficiary in a Medicare drug plan could fill a prescription at a pharmacy and use his or her plan to pay for some or all of the prescription.

4.      A pharmacy could participate in Part D by entering a retail network agreement with one or more Pharmacy Benefit Managers ("PBMs").   Each PBM acted on behalf of one or more Medicare drug plans.   Through a plan's PBM, a pharmacy could join the plan's network.   When a Part D beneficiary presented a prescription to a pharmacy, the pharmacy submitted a claim to the PBM that represented the beneficiary's Medicare drug plan.   The PBM determined whether the pharmacy was entitled to payment for each claim and periodically paid the pharmacy for outstanding claims.   The drug plan's sponsor reimbursed the PBM for its payments to the pharmacy.

5.      A pharmacy could also submit claims to a Medicare drug plan to whose network the pharmacy did not belong.   Submission of such out-of-network claims was not common and often resulted in smaller payments to the pharmacy by the drug plan sponsor.

6.      Medicare, through CMS, compensated the Medicare drug plan sponsors. Medicare paid the sponsors a monthly fee for each Medicare beneficiary of the sponsors' plans. Such payments were called capitation fees.   The capitation fees were adjusted periodically based on various factors, including the beneficiary's medical condition.   In addition, in some cases where a sponsor's expenses for a beneficiary's prescription drugs exceeded that beneficiary's capitation fee, Medicare reimbursed the sponsor for a portion of those additional expenses.

7.      Medicare and Medicare drug plan sponsors were "health care benefit program[s]," as defined by Title 18, United States Code, Section 24(b).

## Medicare Drug Plan Sponsors

8.      Connecticut General Life Insurance Company ("Connecticut Life"), Medco Containment Life Insurance Company ("Medco"), Silverscript Insurance Company ("Silverscript"), United Healthcare Insurance Co. ("United"), and Wellcare Prescription Insurance, Inc., ("Wellcare") were Medicare drug plan sponsors (collectively, "Medicare drug plan sponsors").

## The Defendants and Related Entities

9.      Sun View Pharmacy, LLC ("Sun View Pharmacy") was a Florida corporation, incorporated on or about March 6, 2012, that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries.   Sun View Pharmacy's principal place of business was 6355 SW 8th Street, Unit 100, Miami, FL, 33144.

10.     K.A.R. Pharmacy, Inc. ("K.A.R. Pharmacy") was a Florida corporation, incorporated on or about November 10, 2010, that did business in Miami-Dade County,

3

purportedly providing prescription drugs to Medicare beneficiaries.   K.A.R. Pharmacy's principal place of business was 3855 SW 137th Avenue, Unit #B6, Miami, FL, 33175.

11.   Lola Pharmacy Corp. ("Lola Pharmacy") was a Florida corporation, incorporated on or about October 4, 2010, that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries.   Lola Pharmacy's principal place of business was 13501 SW 128th Street, Suite 109, Miami, FL, 33186.

12.   Latin Quarters Drug Store, Inc. ("Latin Quarters") was a Florida corporation, incorporated on or about August 2, 2013, that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries.   Latin Quarters' principal place of business was 425 SW 22nd Avenue, Suite E1, Miami, FL, 33135.

13.   Lily and Rosy Pharmacy Discount Corp. ("Lily Pharmacy") was a Florida corporation, incorporated on or about September 3, 2010, that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries.   Lily Pharmacy's principal place of business was 4254 W 12th Avenue, Hialeah, FL, 33012.

14.   Norton Pharmacy, Corp. ("Norton Pharmacy") was a Florida corporation, incorporated on or about March 17, 2014, that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries.   Norton Pharmacy's principal place of business was 2140 W. Flagler Street, Suite 102, Miami, FL, 33135.

15.   Health Star Pharmacy Discount & Supply, Corp. ("Health Star Pharmacy") was a Florida corporation, incorporated on or about January 12, 2011, that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries.   Health Star Pharmacy's principal place of business was 11264 SW 137th Avenue, Miami, FL, 33186.

16.   Ultra Medical Services, Inc. ("Ultra Medical") was a Florida corporation,

4

incorporated on or about February 2, 1999, that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries. Ultra Medical's principal place of business was 17601 NW 78th Avenue, Suite 102, Miami, FL 33015.

17.     O.M.G. Pharmacy Discount, Inc.. ("O.M.G. Pharmacy") was a Florida corporation, incorporated on or about January 20, 2012, that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries. O.M.G. Pharmacy's principal place of business was 7305 NW 36th Street Miami, FL, 33166.

18.     Defendant **ANTONIO HEVIA** was a resident of Miami-Dade County.

19.     Defendant **PEDRO TORRES** was a resident of Miami-Dade County.

20.     Ricardo Filgueiras, a resident of Miami-Dade County, was an owner and shareholder of Health Star Pharmacy, and became the President of Health Star Pharmacy in 2012.

21.     Defendant **SUIVEN NUNEZ**, a resident of Miami-Dade County, was an owner of Lola Pharmacy, and became the President and Registered Agent of Lola Pharmacy on or about January 5, 2011.

22.     Defendant **CARLOS M. HERNANDEZ**, a resident of Miami-Dade County, was an owner of Latin Quarters Pharmacy, and became the President of Latin Quarters Pharmacy on or about March 5, 2014.

23.     Defendant **MARIO SAUL LAY**, a resident of Miami-Dade County, was an owner of Ultra Medical, and became the President, Director, and Registered Agent of Ultra Medical on about July 21, 2005.

24.     Defendant **ARIEL NUNEZ FINALET**, a resident of Miami-Dade County, was an owner of Lily Pharmacy, and became the President, Director and Registered Agent of Lily Pharmacy on or about December 20, 2011.

25.     Defendant **JORGE SANCHEZ** was a resident of Miami-Dade County.

26.     Defendant **ALAIN RAUL GARCIA** was a resident of Miami-Dade County.

27.     Defendant **ERICK RIOS** was a resident of Miami-Dade County.

28.     Defendant **ALINA MONTERO (a/k/a "ALINA PACHECO")** was a resident of Miami-Dade County.

29.     Defendant **NORMA JOSEFA CONTRERAS** was a resident of Miami-Dade County.

30.     Defendant **DORA ROBAINA** was a resident of Miami-Dade County.

31.     Defendant **YANIO RODRIGUEZ-MACAYA** was a resident of Miami-Dade County.

32.     Defendant **SUYIN VALDES** was a resident of Miami-Dade County.

33.     Defendant **MISLEIDYS BERMUDEZ** was a resident of Miami-Dade County.

34.     Defendant **RAFAEL DE JESUS FRANCO** was a resident of Miami-Dade County.

35.     Defendant **SONIA RODRIGUEZ ESPOSITO** was a resident of Miami-Dade County.

36.     Defendant **RAMON ERNESTO HERNANDEZ** was a resident of Miami-Dade County.

## COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1.     Paragraphs 1 through 36 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     From at least as early as in or around January of 2011, and continuing through in or around September of 2014, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**PEDRO TORRES,**
**ANTONIO HEVIA,**
**JORGE SANCHEZ,**

6

**ALAIN RAUL GARCIA,**
**ERICK RIOS,**
**ALINA MONTERO**
**(a/k/a "ALINA PACHECO"),**
**NORMA JOSEFA CONTRERAS,**
**DORA ROBAINA,**
**YANIO RODRIGUEZ MACAYA,**
**SUYIN VALDES,**
**MISLEIDYS BERMUDEZ,**
**RAFAEL DE JESUS FRANCO,**
**SONIA RODRIGUEZ ESPOSITO,**
**RAMON ERNESTO HERNANDEZ,**
**SUIVEN NUNEZ,**
**CARLOS M. HERNANDEZ,**
**MARIO SAUL LAY, and**
**ARIEL NUNEZ FINALET,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly

combine, conspire, confederate and agree with each other, and others known and unknown to the

Grand Jury, to commit offenses against the United States of America, that is:

        a.    to execute a scheme and artifice to defraud a health care benefit program

affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare

And Medicare drug plan sponsors, and to obtain, by means of materially false and fraudulent

pretenses, representations, and promises, money and property owned by, and under the custody

and control of, said health care benefit programs, in connection with the delivery of and payment

for health care benefits, items, and services, in violation of Title 18, United States Code, Section

1347; and

        b.    to devise and intend to devise a scheme and artifice to defraud and for

obtaining money and property by means of materially false and fraudulent pretenses,

representations, and promises, knowing the pretenses, representations, and promises were false

and fraudulent when made, and for the purpose of executing the scheme and artifice, did

7

knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs, and the receipt and transfer of fraud proceeds; and (c) diverting the fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

4.      **ANTONIO HEVIA**, and **PEDRO TORRES,** recruited individuals to be the owners of pharmacies that were controlled by **HEVIA** and **TORRES**.

5.      **ANTONIO HEVIA** and **PEDRO TORRES** recruited, among others, Ricardo Filgueiras to be the owner of Health Star Pharmacy, **SUIVEN NUNEZ** to be the owner of Lola Pharmacy, **CARLOS M. HERNANDEZ** to be the owner of Latin Quarters, **MARIO SAUL LAY** to be the owner of Ultra Medical, and **ARIEL NUNEZ FINALET** to be the owner of Lily Pharmacy.

6.      **ANTONIO HEVIA, PEDRO TORRES,** and others, offered and paid kickbacks and bribes to patient recruiters in return for referring beneficiaries to Health Star Pharmacy, K.A.R. Pharmacy, Latin Quarters, Lily Pharmacy, Lola Pharmacy, Norton Pharmacy, O.M.G.

Pharmacy, Sun View Pharmacy, and Ultra Medical (collectively, the "Pharmacies"), to serve as patients.

      7.    **JORGE SANCHEZ, ALAIN RAUL GARCIA, ERICK RIOS, ALINA MONTERO (a/k/a "ALINA PACHECO"), NORMA JOSEFA CONTRERAS, DORA ROBAINA, YANIO RODRIGUEZ-MACAYA, SUYIN VALDES, MISLEIDYS BERMUDEZ, RAFAEL DE JESUS FRANCO, SONIA RODRIGUEZ ESPOSITO, RAMON ERNESTO HERNANDEZ, SUIVEN NUNEZ,** and **CARLOS M. HERNANDEZ,** and others, (collectively, the "Patient Recruiters"), solicited and received kickbacks and bribes in return for referring Medicare beneficiaries to serve as patients at the pharmacies.

      8.    **ANTONIO HEVIA**, **PEDRO TORRES**, and the Patient Recruiters directed the staff at the Pharmacies to bill for prescription medications that were not medically necessary and not provided to Medicare beneficiaries.

      9.    **ANTONIO HEVIA**, **PEDRO TORRES**, and others obtained fraudulent prescriptions for prescription drugs from various medical clinics, in exchange for kickbacks, in order to submit false and fraudulent claims to Medicare and Medicare drug plan sponsors.

      10.    **ANTONIO HEVIA, PEDRO TORRES**, and their co-conspirators obtained Medicare beneficiary information in order to submit false and fraudulent claims for prescription drugs purportedly provided to Medicare beneficiaries by the Pharmacies.

      11.    **ANTONIO HEVIA, PEDRO TORRES**, and their co-conspirators submitted and caused the submission of claims, via interstate wires, that falsely and fraudulently represented that various health care benefits, primarily prescription drugs, were medically necessary and provided by the Pharmacies to Medicare beneficiaries, when, in fact, they were not provided and not medically necessary.

12.     As a result of such false and fraudulent prescription drug claims, Medicare and Medicare drug plan sponsors, through their PBMs, made overpayments funded by the Medicare Part D program to the Pharmacies in the approximate amount of $16.7 million.

13.     The defendants and their co-conspirators used the proceeds from the false and fraudulent Medicare Part D claims for their own use and the use of others, and to further the fraud.

All in violation of Title 18, United Stated Code, Section 1349.

## COUNTS 2-9
### Health Care Fraud
### (18 U.S.C. § 1347)

1.     Paragraphs 1 through 19, 22 and 23 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     From in or around January of 2011, and continuing through in or around September of 2014, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**PEDRO TORRES,**
**ANTONIO HEVIA,**
**CARLOS M. HERNANDEZ, and**
**MARIO SAUL LAY,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare and Medicare drug plan sponsors, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, these health care benefit programs.

10

### Purpose of the Scheme and Artifice

3.      It was a purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent prescription drug claims to health care benefit programs; (b) concealing the submission of false and fraudulent prescription drug claims to healthcare benefit programs, and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

4.      The allegations contained in paragraphs 4, 5, and 8 through 13 of the Manner and Means section of Count 1 are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution or Attempted Execution of the Scheme and Artifice

5.      On or about the dates set forth as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare and Medicare drug plan sponsors, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in that the defendants submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, representing that the pharmacies listed below provided pharmaceutical items and services to Medicare beneficiaries pursuant to physicians' orders and prescriptions:

11

| Count | Defendant(s) | Approx. Date of Submission of Claim | Medicare Claim Number | Part D Medicare Prescription Drug Plan Sponsor | Item; Approx. Amount Claimed | Pharmacy |
|---|---|---|---|---|---|---|
| 2 | PEDRO TORRES and ANTONIO HEVIA | 02/23/2012 | 12054498679706 39991 | Silverscript | Seroquel XR Tab, 300 MG; $832 | Health Star Pharmacy |
| 3 | PEDRO TORRES and ANTONIO HEVIA | 02/24/2012 | 12055378354408 399991 | Silverscript | Seroquel XR Tab, 400MG; $978 | Health Star Pharmacy |
| 4 | PEDRO TORRES and ANTONIO HEVIA | 02/28/2012 | 12059505582210 399991 | Silverscript | Olanzapine Tab, 20MG; $897 | Health Star Pharmacy |
| 5 | PEDRO TORRES and ANTONIO HEVIA | 06/26/13 | 135775434061 0000001624286 | Connecticut Life | Seroquel XR TAB 300MG; $502. | OMG Pharmacy |
| 6 | PEDRO TORRES, ANTONIO HEVIA, and MARIO SAUL LAY | 10/30/13 | 90757551765505 71508166207144 008882406487 | Medco | Exelon DIS 4.6MG/24; $ 315 | Ultra Medical |
| 7 | PEDRO TORRES and ANTONIO HEVIA | 03/18/14 | 14077388431400 5999 | Wellcare | Seroquel XR TAB 200MG; $ 883.39 | Sun View Pharmacy |
| 8 | PEDRO TORRES and ANTONIO HEVIA | 05/27/14 | 14147450341310 3998 | United | Calcipotrien ACRE 0.005%; $606 | Norton Pharmacy |
| 9 | PEDRO TORRES, ANTONIO HEVIA, and CARLOS M. HERNANDEZ | 07/10/14 | 14191378148202 5998 | Wellcare | Abilify TAB 10MG; $ 804 | Latin Quarters |

In violation of Title 18, United States Code, Sections 1347 and 2.

12

## COUNT 10
**Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks**
**(18 U.S.C. § 371)**

1.      Paragraphs 1 through 36 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From at least as early as in or around January of 2011, and continuing through in or around September of 2014, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**PEDRO TORRES,**
**ANTONIO HEVIA,**
**JORGE SANCHEZ,**
**ALAIN RAUL GARCIA,**
**ERICK RIOS,**
**ALINA MONTERO (a/k/a "ALINA PACHECO"),**
**NORMA JOSEFA CONTRERAS,**
**DORA ROBAINA,**
**YANIO RODRIGUEZ MACAYA,**
**SUYIN VALDES,**
**MISLEIDYS BERMUDEZ,**
**RAFAEL DE JESUS FRANCO,**
**SONIA RODRIGUEZ ESPOSITO,**
**RAMON ERNESTO HERNANDEZ,**
**SUIVEN NUNEZ, and**
**CARLOS M. HERNANDEZ,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, and agree with each other, and others known and unknown to the Grand Jury, and to commit certain offenses against the United States, that is:

a.      to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the United States Department of Health and Human Services in its administration and oversight of the Medicare program in violation of Title 18, United States Code, Section 371; and to commit certain offenses

13

against the United States, that is:

          b.     to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by knowingly and willfully soliciting and receiving any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by a Federal health care program, that is, Medicare; and

          c.     to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by knowingly and willfully offering and paying any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare.

### Purpose of the Conspiracy

3.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by: (1) offering, paying, soliciting, and receiving kickbacks and bribes in return for referring beneficiaries to the Pharmacies to serve as patients; and (2) submitting, and causing the submission of claims to Medicare and Medicare drug plan sponsors for prescription drugs purportedly provided to Medicare beneficiaries by the Pharmacies.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.     **ANTONIO HEVIA, PEDRO TORRES**, and others, offered and paid kickbacks and bribes to patient recruiters in return for referring beneficiaries to the Pharmacies to serve as patients.

5.     **JORGE SANCHEZ, ALAIN RAUL GARCIA, ERICK RIOS, ALINA MONTERO (a/k/a "ALINA PACHECO"), NORMA JOSEFA CONTRERAS, DORA ROBAINA, YANIO RODRIGUEZ MACAYA, SUYIN VALDES, MISLEIDYS BERMUDEZ, RAFAEL DE JESUS FRANCO, SONIA RODRIGUEZ ESPOSITO, RAMON ERNESTO HERNANDEZ, SUIVEN NUNEZ**, and **CARLOS M. HERNANDEZ**, and others (collectively, the Patient Recruiters"), solicited and received kickbacks and bribes for referring beneficiaries to the Pharmacies to serve as patients.

6.     **RAMON ERNESTO HERNANDEZ, SUIVEN NUNEZ, CARLOS M. HERNANDEZ**, and **ARIEL NUNEZ FINALET** cashed checks and made withdrawals from the corporate bank accounts of the pharmacies that they owned in order to pay the Patient Recruiters.

7.     **ANTONIA HEVIA, PEDRO TORRES**, the Patient Recruiters, and others used the beneficiary information obtained through the payment of bribes and kickbacks to cause the Pharmacies to submit claims to Medicare and Medicare drug plan sponsors for prescription drugs.

8.     Medicare and Medicare drug plan sponsors paid the Pharmacies based upon the claims submitted for prescription drugs purportedly provided to Medicare beneficiaires.

### Overt Acts

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.      On or about January 5, 2011, **ANTONIO HEVIA** and **PEDRO TORRES** recruited **SUIVEN NUNEZ** to be an owner of Lola Pharmacy,

2.      In or around February of 2012, **ALINA MONTERO ('a/k/a "ALINA PACHECO")** referred a Medicare beneficiary to Lily Pharmacy for the purpose of being paid a kickback.

3.      On or about November 20, 2012, **ARIEL NUNEZ FINALET** made a withdrawal of $9,000 from the corporate account of Lily Pharmacy to obtain cash to pay kickbacks.

4.      On or about May 7, 2013, **RAMON HERNANDEZ** received check number 1330 in the amount of $9,000 from O.M.G. Pharmacy as his kickback payment for referring Medicare beneficiaries to serve as patients.

5.      On or about May 29, 2013, **SUIVEN NUNEZ** received check #1271 in the amount of $3,900 from O.M.G. Pharmacy as his kickback payment for referring Medicare beneficiaries to serve as patients.

6.      On or about August 14, 2013, **YANIO RODRIGUEZ** received check #1573 in the amount of $8,450 from O.M.G. Pharmacy as his kickback payment for referring Medicare beneficiaries to serve as patients.

7.      On or about December 18, 2013, **RAFAEL FRANCO** received check number 0158 in the amount of $5,900 from K.A.R. Pharmacy as his kickback payment for referring Medicare beneficiaries to serve as patients.

8.      On or about January 24, 2014, **SUYIN VALDES** received check #0211 in the amount of $6,495 from K.A.R. Pharmacy as her kickback payment for referring Medicare beneficiaries to serve as patients.

16

9.      On or about February 4, 2014, **SONIA RODRIGUEZ** received check number 1442 in the amount of $3,630 from Ultra Medical as her kickback payment for referring Medicare beneficiaries to serve as patients.

10.     On or about March 5, 2014, **ANTONIO HEVIA** and **PEDRO TORRES** recruited **CARLOS M. HERNANDEZ** to be an owner of Latin Quarters.

11.     In or around April of 2014, **NORMA JOSEFA CONTRERAS** referred a Medicare beneficiary to K.A.R. Pharmacy in exchange for a kickback payment.

12.     In or around June of 2014, **MISLEIDYS BERMUDEZ** referred a Medicare beneficiary to Sun View Pharmacy in exchange for a kickback payment.

13.     In or around June of 2014, **ALAIN RAUL GARCIA** referred a Medicare beneficiary to Latin Quarters in exchange for a kickback payment.

14.     In or around June of 2014, **JORGE SANCHEZ** referred a Medicare beneficiary to Latin Quarters in exchange for a kickback payment.

15.     In or around June of 2014, **ANTONIO HEVIA** and **PEDRO TORRES** paid **JORGE SANCHEZ** a kickback in exchange for referring a Medicare beneficiary to Latin Quarters.

16.     On or about June 27, 2014, **CARLOS M. HERNANDEZ** received check #180 in the amount of $2,000 from Sun View Pharmacy as his kickback payment for referring Medicare beneficiaries to serve as patients.

17.     In or around August of 2014, **ERICK RIOS** referred a Medicare beneficiary to Sun View Pharmacy in exchange for a kickback payment.

18.     In or around August of 2014, **ANTONIO HEVIA** and **PEDRO TORRES** paid **ERICK RIOS** a cash kickback for referring Medicare beneficiaries to Sun View Pharmacy.

17

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE
### (18 U.S.C. § 982 (a)(7))

1.      The allegations contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which each of the defendants, **ANTONIO HEVIA, PEDRO TORRES, JORGE SANCHEZ, ALAIN RAUL GARCIA, ERICK RIOS, ALINA MONTERO (a/k/a "ALINA PACHECO"), NORMA JOSEFA CONTRERAS, DORA ROBAINA, YANIO RODRIGUEZ-MACAYA, SUYIN VALDES, MISLEIDYS BERMUDEZ, RAFAEL DE JESUS FRANCO, SONIA RODRIGUEZ ESPOSITO, RAMON ERNESTO HERNANDEZ, SUIVEN NUNEZ, CARLOS M. HERNANDEZ, MARIO SAUL LAY,** and **ARIEL NUNEZ FINALET,** has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1347, a conspiracy to commit such violation, or a conspiracy to violate Title 42, United States Code, Section 1320a-7b(b), as alleged in this Indictment, each defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense pursuant to Title 18, United States Code, Section 982(a)(7).

3.      Upon conviction of a conspiracy to violate Title 18, United States Code, Section 1343, as alleged in this Indictment, each defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense pursuant to Title 18, United States Code, Section 981(a)(1)(C).

18

4.    The property subject to forfeiture includes a money judgment in the amount of $12,504,077.00 in United States currency, which sum represents the value of the gross proceeds traceable to the commission of the offenses alleged in this Indictment.

5.    If any of the property described above, as a result of any act or omission of any of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be  divided without difficulty;

it is the intent of the United States of America to seek forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

19

All pursuant to Title 18, United States Code, Sections 982(a)(7) and 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON


WIFREDO A. FERRER
UNITED STATES ATTORNEY


JAMES V. HAYES
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| PEDRO TORRES, et al., | CERTIFICATE OF TRIAL ATTORNEY* |
| _____ Defendants. / | Superseding Case Information: |

**Court Division:** (Select One)

| | | | |
|---|---|---|---|
| __X__ | Miami | _____ | Key West |
| _____ | FTL | _____ | WPB     _____ FTP |

| | | |
|---|---|---|
| New Defendant(s) | Yes _____ | No _____ |
| Number of New Defendants | _____ | |
| Total number of counts | _____ | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    __Yes__
   List language and/or dialect    ____Spanish____

4. This case will take __20__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | |
   |---|---|---|---|
   | I | 0 to 5 days | _____ | |
   | II | 6 to 10 days | _____ | |
   | II | 11 to 20 days | __X__ | |
   | IV | 21 to 60 days | _____ | |
   | V: | 61 days and over | _____ | |

   (Check only one)

   | | |
   |---|---|
   | Petty | _____ |
   | Minor | _____ |
   | Misdem. | _____ |
   | Felony | __X__ |

6. Has this case been previously filed in this District Court?    (Yes or No)    __No__
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)    __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes    __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    __X__ No

_____
James V. Hayes
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A5501717

*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  **PEDRO TORRES**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Counts #: 2-9

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Counts #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  **ANTONIO HEVIA**

Case No: 

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Counts #: 2-9

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Counts #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:   JORGE SANCHEZ**

**Case No**: _____

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**  **ALAIN RAUL GARCIA**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:



**\*Max. Penalty:**

Counts #:



**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:   ERICK RIOS**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty**: Five (5) years's imprisonment

Count #:

**\*Max. Penalty:**

Counts #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:   ALINA MONTERO a/k/a "ALINA PACHECO"**

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  NORMA JOSEFA CONTRERAS**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty**: Five (5) years's imprisonment

Count #:



**\*Max. Penalty**:

Counts #:



**\*Max. Penalty**:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  **DORA ROBAINA**

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:   YANIO RODRIGUEZ MACAYA**

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  SUYIN VALDES**

**Case No**: 

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #: 

**\*Max. Penalty:** 

Counts #: 

**\*Max. Penalty:** 

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  **MISLEIDYS BERMUDEZ**

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **RAFAEL DE JESUS FRANCO**

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty:** Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **SONIA RODRIGUEZ ESPOSITO**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:

**\*Max. Penalty:**

Counts #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  RAMON ERNESTO HERNANDEZ**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:

**\*Max. Penalty:**

Counts #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **SUIVEN NUNEZ**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Count #:

**\*Max. Penalty:**

Counts #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  **CARLOS HERNANDEZ**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 9

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:** Ten (10) years' imprisonment

Count #: 10

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years's imprisonment

Counts #:




**\*Max. Penalty:**


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  MARIO SAUL LAY**

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #: 6

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:** Ten (10) years' imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  **ARIEL NUNEZ FINALET**

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud And Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

Count #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**