UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20267-WILLIAMS

UNITED STATES OF AMERICA,

v.

ARIEL NUNEZ FINALET,

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the defendant, Ariel Nunez Finalet, agree that had this case gone to trial, the United States would have proven, beyond a reasonable doubt, the following facts, among others, pertaining to a violation of 18 U.S.C. § 1349, conspiracy to commit health care fraud and wire fraud, that occurred in the Southern District of Florida.

The Medicare program was a federally funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b). Medicare programs covering different types of benefits were separated into different program "parts." Medicare "Part D" subsidized the costs of prescription drugs that were medically necessary. Medicare prohibited the submission of claims procured through the payment of illegal kickbacks and bribes.

Beginning in or around January 2011 and continuing through in or around September 2014, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant knowingly and willfully conspired with Pedro Torres, Antonio Hevia, and others, to commit health care fraud and wire fraud. The purpose of the conspiracy was for the defendant and his co-

conspirators to (a) submit and cause the submission of false and fraudulent claims to health care benefit programs for prescription drugs that were not medically unnecessary or not provided to Medicare beneficiaries; (b) concealing and causing the concealment of false and fraudulent claims to Medicare and the receipt and transfer of proceeds; and (c) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

The scheme involved at least ten pharmacies submitting fraudulent claims to Medicare, which in turn paid the pharmacies for medications that were not medically necessary and not provided to beneficiaries. The pharmacies' Medicare submissions triggered wires in interstate commerce. The defendant and other pharmacy owners worked with other individuals known as "recruiters" to find Medicare beneficiaries (patients enrolled with Medicare) willing to participate in the scheme. The beneficiaries participated and visited the pharmacies in exchange for unlawful payments or "kickbacks," which Hevia, Torres, and others paid to recruiters and beneficiaries using Medicare proceeds of the scheme.

The defendant was the registered agent of Lily and Rosy Pharmacy Discount Corp. ("Lily Pharmacy"), located in Hialeah, Florida. The true owners of Lily Pharmacy and leaders of the scheme were Antonio Hevia and Pedro Torres. The defendant cashed checks and withdrew money from Lily Pharmacy's bank account to give to co-conspirators and recruiters so that they could pay kickbacks to beneficiaries. The defendant withdrew the money in increments just below $10,000 (the legal reporting limit for U.S. banks) each week so kickbacks could be paid. For instance, on November 20, 2012, the defendant withdrew $9,000 in cash from Lily Pharmacy's bank account. The defendant also paid recruiters to bring beneficiaries to Azul Pharmacy Corp. ("Azul Pharmacy").

The defendant and his co-conspirators, through Lily Pharmacy and Azul Pharmacy, knowingly and willfully caused Medicare to pay approximately $1,910,222 in false and fraudulent claims for prescription drugs that were not medically unnecessary or not provided to Medicare beneficiaries. Of that amount, the defendant obtained personally approximately $522,011.

The information contained in this proffer is not a complete recitation of all the facts and circumstances of this case, but the parties admit it is sufficient to prove beyond a reasonable doubt a violation of 18 U.S.C. § 1349, conspiracy to commit health care fraud and wire fraud, as charged in the Indictment.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/10/24    By: _____
JOSEPH EGOZI
ASSISTANT UNITED STATES ATTORNEY

Date: 1/10/24    By: _____
JOSE-CARLOS VILLANUEVA
ATTORNEY FOR DEFENDANT

Date: 1/10/24    By: _____
ARIEL NUNEZ FINALET
DEFENDANT

3