IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cr-20267-KMW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

AERIEL NUÑEZ FINALET

    Defendant.

_____/

**OBJECTIONS AND CLARIFICATIONS TO THE**
**PRESENTENCE INVESTIGATION REPORT**

Defendant, AERIEL NUÑEZ FINALET, by and through undersigned counsel, files his objections and clarifications to the Presentence Investigation Report ("PSI") (DE 603) and states as follows:

**1. Objection and Clarification to Paragraphs 106**

Mr. Finalet objects to paragraph 106 on the basis and to the extent that its unsubstantiated or otherwise not worthy of consideration. Codefendant Lisbet Cordova states that Mr. Finalet was at a casino in Miami when the police arrived at his home to arrest him on December 20, 2017. However, Mr. Finalet was not in Miami during the referenced period. By then Mr. Finalet had returned to Cuba to commence his Cuban repatriation process. On March 20, 2017, Cuba's Criminal Intelligence Directorate ("CID") received an Interpol Notice seeking the search and capture of Mr. Finalet for his

role in the charged Medicare offense.  In March 2017, the CID proceeded to restrict Mr. Finalet's travel outside of the Cuban territory.  On July 4, 2017, Mr. Finalet was arrested by Cuban law enforcement pursuant to the Notice and ultimately detained through February 26, 2021. Mr. Finalet's ability to travel outside the Cuban territory was not restored until August 3, 2022.

### 2. Objection to Paragraph 107

Mr. Finalet objects to Paragraph 107 on the basis and to the extent that the assertion is unsubstantiated. Paragraph 107 states that Mr. Finalet had secreted money in the walls of a home located in Miami, Florida.  It further states that said sums were being wired to Mr. Finalet while living in Cancun, Mexico in or around January 2017.  As noted in the previous paragraph, Mr.  Finalet moved to Cuba to begin his repatriation process in 2016.  In March 2017, Mr. Finalet was restricted from travelling outside the Cuban territory. On July 4, 2017, Mr. Finalet was arrested by Cuban officials and detained through February 26, 2021. On August 3, 2022, Cuban authorities restored Mr. Finalet's right to once again travel outside the country.

Moreover, the statement is not corroborated by the witness' girlfriend who, after being interviewed on six (6) separate occasions over the course of one (1) year did not mention or otherwise corroborate the assertions made by her boyfriend.

### 3. Clarification to Paragraph 109

On March 20, 2023, Mr.  Finalet was detained by Spanish authorities pursuant to the same Interpol Red Notice relied on by Cuban authorities six years earlier.  On November 21, 2023, Mr. Finalet was extradited to the United States.

### 4. Objection and Clarification to Paragraph 172

Paragraph 172 correctly states that Mr. Finalet was detained in Cuba from July 4, 2017 through February 21, 2021. Cuban authorities arrested Mr. Finalet on July 4, 2017 pursuant to the Interpol Red Notice referencing the Medicare fraud alleged in the Indictment. From July 4, 2017 to August 31, 2018, Mr. Finalet was detained in Cuba. During that time, Cuban authorities conducted their own investigation related to money laundering activities in violation of Cuban law. Specifically, Cuban authorities corroborated the information contained in the Red Notice regarding the alleged Medicare fraud with "other documentary evidence consisting of the publications made on the website of the newspaper of the American nation MIAMI HERALD." They concluded that the monies used by Mr. Finalet to purchase a home and a car in the Cuban territory were proceeds of the underlying offense in so far as Mr. Finalet had no other means of justifying the source of funds used in the purchases. As a result, Mr. Finalet was sentenced to 8 years in prison, of which he served fourteen (14 ) months in pretrial detention and thirty (30) months hard labor.

WHEREFORE, Defendant, AERIEL NUÑEZ FINALET, respectfully prays that this Honorable Court sustain the objections and clarifications to the Presentence Investigation Report and direct the United States Probation Office to amend the PSI as requested herein.

Respectfully submitted,

/s/ Jose-Carlos Villanueva.                /

JOSE-CARLOS VILLANUEVA, ESQ.
Fla. Bar No. 0034658
2332 Galiano Street, Second Floor
Coral Gables, Florida. 33134
Telephone:    (305) 496-5400
Facsimile:    (305) 357-3887
Email:        jcv@jcvpa.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed this 11th day of March 2024, with the Clerk of the Court through CM/ECF.

/s/ Jose-Carlos Villanueva          /
JOSE-CARLOS VILLANUEVA, ESQ.

4